# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEL-ONE FCU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N25L-10-055 FJJ |
| | ) | |
| GODSPEED TRANSPORT, LLC, | ) | |
| A Delaware Limited Liability | ) | |
| Company, | ) | |
| ALEXANDER SINAI, Trustee of | ) | |
| SINAI FAMILY TRUST u/t/a | ) | |
| Dated 07/05/2023, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOLLOWING TRIAL

This Court entered a default judgment against Godspeed Transport, LLC ("Godspeed").[1] The parties disputed DEL-ONE FCU's ("Del-One") entitlement to damages and the amount of damages Plaintiff was entitled to recover. The Court held a bench trial on June 24, 2026, to determine Del-One's entitlement to damages and the amount of those damages. Having considered the evidence and the parties' arguments, the Court hereby finds as follows:

1. On or about July 17, 2024, Godspeed executed a note in favor of Del-One FCU in the amount of $200,000.[2] The note was secured by a

---

[1] D.I. No. 40.

[2] Godspeed's principle, Alexander Sinai, refused to admit that the fund proceeds were "received". When the Court asked Mr. Sinai what he meant by received Mr. Sinai failed to respond to this question.

1

mortgage on property located at 105 Cleveland Avenue, Wilmington, Delaware 19804.

2. The note and mortgage were guaranteed by Latroya Sinai and Alexander Sinai.[3]

3. The note requires Godspeed, its successor or assigns, to make regular, monthly payments to Plaintiff until a final irregular payment becomes due on July 16, 2029.[4]

4. Defendant has failed to pay the sums due and owing under the loan documents as they became due, and such failure constitutes a default.

5. Plaintiff provided Defendants with written notice of default and intent to foreclose at least as to the delinquent payments. Defendants failed to cure the defaults within the specified time period as required under the notice of intent.

6. Plaintiff is entitled payment in full of the amount that is due on the note.

---

[3] On or about April 16, 2025, Godspeed transferred title of the Property to Alexander Sinai, Trustee of the Sinai Family Trust u/t/a dated 07/05/2023 ("Trustee Defendant") without Plaintiff's written consent.

The Mortgage contains a "Due on Sale" clause which permits Plaintiff, as Lender, to declare immediately due and payable all sums secured by the Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the real property secured by the Mortgage.

Plaintiff never raised this "Due on sale issue" prior to the filing of the complaint. There was never notice of any default sent as to this issue. As such, the Court will not base its decision on the "Due on sale" provision.

[4] The bank presented testimony that payments were made either directly by Godspeed or by transferring money from other accounts, folks associated with Godspeed (the Sinia's) with Plaintiff. By virtue of these credits, the loan was current through March 27, 2025. When Mr. Sinai was asked by the Court whether the loan was current through March 27, 2025, he steadfastly maintained that no payments were ever made.

7. How much is the Plaintiff due? Defendant pointed out inconsistencies in the Plaintiff's paperwork as to the amount due. While the inconsistencies were explained by the Plaintiff, getting to the bottom line of what was owed was more of a task for the Court than it should have been. Considering all of the evidence, the principal amount left on the loan is $198,430.90.[5] As for interest due, the Court finds that interest is due from March 27, 2025, at the rate of $46.85 per diem, which translates into a total amount of interest due of $21,269.90.[6] Plaintiff agrees that Godspeed is entitled to a credit on the interest of $47.22. Therefore, the total interest in the amount of $21,222.68. Plaintiff has also proved its entitlement to late fees in the amount of $1,138.34. As such, Plaintiff has proved that it has suffered damages in the amount of $220,839.14 with continuing interest at the daily rate of $46.85 from June 25, 2026 forward.

8. A large part of the presentation of the case centered around whether this particular loan was part of the Delaware Capital Access Program ("DCAP"). DCAP is a program designed to give lenders a tool to make business loans that may not normally qualify for a conventional loan. Under the program, once a loan defaults and a lender has exhausted all

---

[5] The Court rejects Mr. Sinai's position that no payments were made.
[6] The Court finds that interest is due from March 27, 2025 rather than March 16, 2025.

3

collection efforts, it may request payment from DCAP. In this case, that payment would be $38,000. Plaintiff's representative testified that this particular loan was a DCAP loan. Godspeed, through Mr. Sinai, maintained that the loan was not part of the DCAP program. He testified that had the loan not been part of the DCAP program, he would not have taken the loan on the part of Godspeed. Mr. Sinai makes this claim to argue that Plaintiff committed fraud or made material misrepresentations which is a defense to any of Plaintiff's claims.

9. This argument does not impact the question of Plaintiff's entitlement to damages as to Godspeed because a default judgment has been entered against Godspeed. However, Mr. Sinai and his wife, have personally guaranteed the loan in question. While he is not a party to instant proceedings as the guarantor of the loan, he chose to fully litigate this issue in this proceeding. As such, the Court will address the merits of this issue so as to avoid a repeat of this argument if, and when, an action is filed on the personal guarantees given.

10. While the Plaintiff did not present paperwork from DCAP confirming that this particular loan was a DCAP loan, Plaintiff's witness testified that it was. He further identified paperwork which showed the DCAP paperwork that required signatures from Godspeed was in fact signed

4

by Godspeed and Mr. and Mrs. Sinai. The Court finds as a factual matter that Plaintiff's evidence supports a conclusion that the loan in question was in fact a DCAP loan and that Plaintiff has proven this point by a preponderance of the evidence. I make this finding based on the paperwork submitted by the Plaintiff and the testimony of the bank's officer.

11. To the extent there was a credibility issue between this testimony and that of Mr. Sinai, I find in favor of the Plaintiff on this credibility issue. Frankly Mr. Sinai's presentation, while effective in pointing out inconsistencies in the bank's paperwork, was not on the whole credible. Mr. Sinai was not willing to admit that Godspeed or anyone else received the loan proceeds nor was he willing to admit that any payments towards the loan were ever made when the record shows that payments were made either directly by Godspeed or through money being taken from accounts associated with Godspeed and Plaintiff. Mr. Sinai's failure to admit each of these facts affected his credibility in a significant manner. There is no valid misrepresentation or fraud claim that Mr. Sinai can make because there was no misrepresentation or fraud committed by the Plaintiff.

Wherefore, **IT IS HEREBY ORDERED** this 29th day of June, 2026, that judgment in rem mortgage foreclosure be entered against Godspeed and/or Alexander Sinai, trustee of the Simai Family Trust u/t/a dated 07/05/2023, and in favor of the Plaintiff, DEL-ONE FCU, for foreclosure and judicial sale of the subject real property situated at 105 Cleveland Avenue, Wilmington, Delaware in the amount of $220,839.14 (as of June 24, 2026) plus all additional interest at per diem:

| | |
|---|---|
| Principal | $ 198,430.90 |
| Interest from 3/27/2025 to 6/24/2025 @ $46.85 per diem | $ 21,269.90 |
| Late Fees | $ 1,138.34 |
| Subtotal | $ 220,839.14 |

Ongoing interest accumulates from June 25, 2026 at $46.85 per diem.

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:   *Counsel via File & ServeXpress*

6